## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, And HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>DUBUQUE STORAGE & TRANSFER CO., an Iowa corporation, URBAN R. HAAS, PATRICIA M. HAAS, U. ANDREW HAAS, CHRISTOPHER J. HAAS, AIMEE M. HAAS, CATHERINE A. HAAS, MARIAN H. KRAUS, ELIZABETH S. TOBIN, PATRICK TOBIN, JOHN C. KRAUS, W. WALLACE KRAUS, JANET M. CARR, MARY PIEKENBROCK, WILLIAM PIEKENBROCK, and CAROL LAMMERS, all individuals,<br><br>Defendants. | Case No. 08CV2730<br><br>Judge: Rebecca R. Pallmeyer<br><br>Magistrate Judge: Sidney I. Schenkier |

---

### ANSWER TO FIRST AMENDED COMPLAINT

---

Now come the Defendants, Dubuque Storage & Transfer Co. and its shareholders, by their attorneys, Lindner & Marsack, S.C., by Alan M. Levy, Gary A. Marsack and Donald J. Cairns, and Peter Andjelkovich & Associates, by Peter Andjelkovich, and as and for their Answer to the First Amended Complaint in the above-captioned case, admit, deny, and allege as follows:

**1.    First Amended Complaint – "This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan."**

In response to Paragraph 1 of the First Amended Complaint, Defendants admit the allegation but deny any liability which Plaintiffs may attribute to that admission.

**2.     First Amended Complaint – "This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") *as amended* by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301 (c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c) and 28 U.S.C. §§ 1331 and 1367."**

In response to Paragraph 2 of the First Amended Complaint, Defendants admit the allegation but deny any liability which Plaintiffs may attribute to that admission.

**3.     First Amended Complaint – "Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business in Rosemont, Illinois."**

In response to Paragraph 3 of the First Amended Complaint, Defendants admit the allegations contained therein.

**4.     First Amended Complaint – "Plaintiff Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3)."**

In response to Paragraph 4 of the First Amended Complaint, Defendants admit the allegations contained therein.

**5.     First Amended Complaint – "Plaintiff Howard McDougall is a trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301 (a)(10). The Trustees administer the Pension Fund at 9377 West Higgens Road, Rosemont, Illinois."**

In response to Paragraph 5 of the First Amended Complaint, Defendants admit the allegations contained therein.

**6.     First Amended Complaint – "Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability."**

In response to Paragraph 6 of the First Amended Complaint, Defendants admit the allegations contained therein.

**7.     First Amended Complaint – "Defendant Dubuque Storage and Transfer Company ("Dubuque Storage") is or was a corporation organized under the laws of the State of Iowa."**

In response to Paragraph 7 of the First Amended Complaint, Defendants admit the allegations contained therein.

**8.     First Amended Complaint – "Defendant Urban r. Haas is an individual who resides in the State of Iowa."**

In response to Paragraph 8 of the First Amended Complaint, Defendants admit the allegations contained therein.

**9.     First Amended Complaint - "Defendant Patricia M. Haas is an individual who resides in the State of Iowa."**

In response to Paragraph 9 of the First Amended Complaint, Defendants admit the allegations contained therein.

**10.    First Amended Complaint – "Defendant U. Andrew Haas is an individual who resides in the State of Minnesota."**

In response to Paragraph 10 of the First Amended Complaint, Defendants admit the allegations contained therein.

**11.    First Amended Complaint – "Defendant Christopher J. Haas is an individual who resides in the State of Minnesota."**

In response to Paragraph 11 of the First Amended Complaint, Defendants deny the allegations contained therein.

**12.    First Amended Complaint – "Defendant Aimee M. Haas is an individual who resides in the State of Iowa."**

In response to Paragraph 12 of the First Amended Complaint, Defendants admit the allegations contained therein.

**13.   First Amended Complaint – "Defendant Catherine A. Haas is an individual who resides in the State of Iowa."**

.      In response to Paragraph 13 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**14.   First Amended Complaint – "Defendant Marian H. Kraus is an individual who resides in the State of Iowa."**

In response to Paragraph 14 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**15.   First Amended Complaint – "Defendant Elizabeth S. Tobin is an individual who resides in the State of Iowa."**

In response to Paragraph 15 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**16.   First Amended Complaint – "Defendant Patrick Tobin is an individual who resides in the State of Iowa."**

In response to Paragraph 16 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**17.   First Amended Complaint – "Defendant John C. Kraus is an individual who resides in the State of Iowa."**

In response to Paragraph 17 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**18.   First Amended Complaint – "Defendant W. Wallace Kraus is an individual who resides in the State of Iowa."**

.      In response to Paragraph 18 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**19.   First Amended Complaint – "Defendant Janet M. Carr is an individual who resides in the State of Iowa."**

In response to Paragraph 19 of the First Amended Complaint, Defendants admit the allegations contained therein.

**20.    First Amended Complaint – "Defendant Mary Piekenbrock is an individual who resides in the State of Iowa."**

In response to Paragraph 20 of the First Amended Complaint, Defendants admit the allegations contained therein.

**21.    First Amended Complaint – "Defendant William Piekenbrock is an individual who resides in the State of Iowa."**

In response to Paragraph 21 of the First Amended Complaint, Defendants admit the allegations contained therein.

**22.    First Amended Complaint – "Defendant Carol Lammers is an individual who resides in the State of Iowa."**

In response to Paragraph 22 of the First Amended Complaint, Defendants admit the allegations contained therein.

## ALLEGED FACTS

**23.    First Amended Complaint - "H & W Motor Express Company ("H & W") is or was a corporation organized under the laws of the State of Iowa."**

In response to Paragraph 23 of the First Amended Complaint, Defendants admit the allegations contained therein.

**24.    First Amended Complaint – "From at least September 25, 2000 to January 18, 2001, certain members of the Haas family and the Wissel family (collectively referred to as the "H & W Shareholders") directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of H & W."**

In response to Paragraph 24 of the First Amended Complaint, Plaintiffs have failed to specify who they allege to be members of "the Wissel Family" so that an answer cannot be made

and therefore Defendants must deny same in that regard; further answering, and without

conceding this point, Defendants admit the other allegations contained therein.

**25.     First Amended Complaint – "From at least September 25, 2000 to January 18, 2001, the H & W Shareholders directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote or at least 80% of the total value of outstanding shares of all classes of stock of Dubuque Storage."**

In response to Paragraph 25 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**26.     First Amended Complaint – "The H & W Shareholders (except Urban R. Haas and Patricia M. Haas) entered into a Memorandum of Understanding effective January 4, 2001 ("Memorandum of Understanding No. 1") with Roger D. Waldner regarding the sale of H & W."**

In response to Paragraph 26 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**27.     First Amended Complaint – "Urban R. Haas and Patricia M. Haas entered into a Memorandum of Understanding dated January 9, 2001 ("Memorandum of Understanding No. 2") with Roger D. Waldner regarding the sale of H & W."**

In response to Paragraph 27 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**28.     First Amended Complaint – "On January 18, 2001, there were 27,500 shares of H & W outstanding.  On that date, 25,228 shares of H & W were transferred to Roger D. Waldner pursuant to Memorandum of Understanding Nos. 1 and 2 (collectively referred to as the "H & W Stock Sale")."**

In response to Paragraph 28 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**29.     First Amended Complaint – "For at least several years prior to the H & W Stock Sale, H & W had been operating at a loss.  In the year 2000 alone, H & W had an operating loss in excess of a million dollars."**

In response to Paragraph 29 of the First Amended Complaint, Defendants state that they

lack sufficient knowledge upon which to base an answer and, therefore, deny the allegations

contained therein.

**30.    First Amended Complaint – "Prior to and at the time of the H & W Stock Sale, the H & W Shareholders were aware that H & W and all other trades or businesses under common control with H & W within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder, would be liable to the Pension Fund for millions in withdrawal liability if H & W permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations."**

In response to Paragraph 30 of the First Amended Complaint, Defendants submit that the

Paragraph alleges a legal conclusion, not a statement of fact, so that it need not be given an

answering response; further responding, and without conceding any need to do so, Defendants

admit that some (but not all) H & W shareholders had been told of such a possibility, but

otherwise deny the allegations contained therein.

**31.    First Amended Complaint – "Prior to the H & W Stock Sale, the H & W Shareholders discussed selling H & W in a manner that they and other trades or businesses under common control with H & W would not be liable for withdrawal liability."**

In response to Paragraph 31 of the First Amended Complaint, Defendants admit that a

sale of H & W stock was discussed by some of H & W shareholders, but otherwise deny the

allegations contained therein.

**32.    First Amended Complaint – "During all relevant times, H & W was bound by collective bargaining agreements with certain Teamsters locals, under which H & W was required to make contributions to the Pension Fund on behalf of certain of its employees."**

In response to Paragraph 32 of the First Amended Complaint, Defendants admit the

allegations contained therein.

**33.    First Amended Complaint – "The Pension Fund determined that on or about June 15, 2002, H & W permanently ceased to have an obligation to contribute to the Pension Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal," as defined in section 4203 of ERISA, 29 U.S.C. § 1383 (the "Withdrawal")."**

In response to Paragraph 33 of the First Amended Complaint, Defendants state that they lack sufficient knowledge upon which to base an answer and, therefore, deny the allegations contained therein.

**34.    First Amended Complaint – "As a result of the Withdrawal, H & W incurred withdrawal liability to the Pension Fund in the principal amount of $6,578,843.86 as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b)."**

.    In response to Paragraph 34 of the First Amended Complaint, Defendants state that they lack sufficient knowledge upon which to base an answer and, therefore, deny the allegations contained therein.

**35.    First Amended Complaint – "On June 12, 2002, H & W filed for Chapter 11 bankruptcy (later converted to a Chapter 7) in the United States Bankruptcy Court for the Northern District of Iowa. The bankruptcy is pending and is styled *In Re: H & W Motor Express Company*, Case No. 02-02017 (Bankr. N.D. Iowa)."**

In response to Paragraph 35 of the First Amended Complaint, Defendants admit the allegations contained therein.

**36.    First Amended Complaint – "On or about September 30, 2002, the Pension Fund filed a proof of claim in the amount of $6,578,843.86 in the H & W bankruptcy for the H & W withdrawal liability."**

In response to Paragraph 36 of the First Amended Complaint, Defendants admit the allegations contained therein.

**37.    First Amended Complaint – "On February 18, 2003, the Pension Fund filed an amended proof of claim in the amount of $6,597,343.81 for the H & W withdrawal liability (the "Withdrawal Liability")."**

In response to Paragraph 37 of the First Amended Complaint, Defendants admit the allegations contained therein.

**38.    First Amended Complaint – "Defendants, Urban R. Haas, Patricia M. Haas, U. Andrew Haas, Christopher J. Haas, Aimee M. Haas, Catherine A. Haas, Marian H. Kraus, Elizabeth S. Tobin, Patrick Tobin, John C. Kraus, W. Wallace Kraus, Janet M. Carr,**

Mary Piekenbrock, William Piekenbrock, and Carol Lammers, were shareholders of Dubuque Storage (collectively the "Dubuque Storage Shareholders")."

In response to Paragraph 38 of the First Amended Complaint, Defendants contend that the lack of a date or any other identification of a time period for the alleged shareholder relationships makes the allegations so vague and uncertain that an answer cannot be made to them. Without conceding that defense and objection to said Paragraph 38, Defendants admit that, with the exception of "W. Wallace Kraus", all the named individuals had been shareholders of Dubuque Storage at some time after 2002.

**39. First Amended Complaint – "Dubuque Storage has been liquidated and dissolved and its remaining assets were distributed to the Dubuque Storage Shareholders."**

In response to Paragraph 39 of the First Amended Complaint, Defendants admit the allegations contained therein except as they may apply to "W. Wallace Kraus."

**40. First Amended Complaint – "The Dubuque Storage Shareholders caused unknown amounts to be transferred to them personally (hereinafter referred to as the "Conveyances")."**

In response to Paragraph 40 of the First Amended Complaint, Defendants deny the allegations contained therein.

## RESPONSE TO COUNT I OF THE FIRST AMENDED COMPLAINT

**41. First Amended Complaint – "Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this First Amended Complaint as though fully set forth herein."**

In response to Paragraph 41 of the First Amended Complaint, Defendants hereby incorporate by reference their responses to Paragraph 1 through 40 of the First Amended Complaint and request that they be treated as if set forth fully herein.

**42. First Amended Complaint – "Count I is brought against Dubuque Storage."**

.    In response to Paragraph 42 of the First Amended Complaint, Defendants submit that it contains no allegation of fact to which they are required to make an answer.

**43.    First Amended Complaint – "If the H & W Stock Sale effectively transferred the H & W stock to Roger D. Waldner, a principal purpose of the H & W Stock Sale was for Dubuque Storage to evade or avoid the Withdrawal Liability to the Pension Fund."**

In response to Paragraph 43 of the First Amended Complaint, Defendants deny the allegations contained therein.

**44.    First Amended Complaint – "Pursuant to section 4212(c) of ERISA, 29 U.S.C. § 1392(c), the H & W Stock Sale may be disregarded in determining and collecting the Withdrawal Liability."**

.    In response to Paragraph 44 of the First Amended Complaint, Defendants deny the allegations contained therein.

**45.    First Amended Complaint – "Therefore, on or about June 15, 2002 (the date of H & W's complete withdrawal from the Pension Fund), Dubuque Storage and H & W (the "H & W Controlled Group") were trades or business under common control and therefore constituted a single employer within the meaning of section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder."**

In response to Paragraph 45 of the First Amended Complaint, Defendants deny the allegations contained therein.

**46.    First Amended Complaint – "The H & W Controlled Group is the "employer" for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA."**

In response to Paragraph 46 of the First Amended Complaint, Defendants deny the allegations contained therein.

**47.    First Amended Complaint – "On or about September 30, 2002 and February 18, 2003, the H & W Controlled Group, through the filing of the proof of claim and amended proof of claim in the H & W bankruptcy case, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1)."**

In response to Paragraph 47 of the First Amended Complaint, Defendants deny the allegations contained therein.

**48.    First Amended Complaint – "The H & W Controlled Group has failed to make any of the withdrawal liability payments to the Pension Fund."**

In response to Paragraph 48 of the First Amended Complaint, Defendants deny that Dubuque Storage was part of a controlled group with H & W after January 2001, and state that they lack sufficient knowledge upon which to base an answering response and therefore deny the other allegations in said Paragraph 48.

**49.    First Amended Complaint – "No member of the H & W Controlled Group requested that the Pension Fund review the Withdrawal and Withdrawal Liability pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A)."**

In response to Paragraph 49 of the First Amended Complaint, Defendants deny that Dubuque Storage was part of a controlled group with H & W after January 2001, and state that they lack sufficient knowledge upon which to base an answering response and therefore deny the other allegations in said Paragraph 49.

**50.    First Amended Complaint – "No member of the H & W Controlled Group initiated arbitration regarding the Withdrawal and Withdrawal Liability pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1)."**

In response to Paragraph 50 of the First Amended Complaint, Defendants deny that Dubuque Storage was part of a controlled group with H & W after January 2001, and state that they lack sufficient knowledge upon which to base an answering response and therefore deny the other allegations in said Paragraph 50.

**51.    First Amended Complaint – "Under section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), the H & W Controlled Group has waived all challenges to the Withdrawal and Withdrawal Liability by failing to request review or initiate arbitration in a timely fashion."**

.       In response to Paragraph 51 of the First Amended Complaint, Defendants deny that Dubuque Storage was part of a controlled group with H & W after January 2001, and state that they lack sufficient knowledge upon which to base an answering response and therefore deny the other allegations in said Paragraph 51.

**52.    First Amended Complaint – "The H & W Controlled Group failed to make any of the withdrawal liability payments to the Pension Fund and fell into default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5)."**

In response to Paragraph 52 of the First Amended Complaint, Defendants deny that Dubuque Storage was part of a controlled group with H & W after January 2001, and state that they lack sufficient knowledge upon which to base an answering response and therefore deny the other allegations in said Paragraph 52.

**53.    First Amended Complaint – "Each of the members of the H & W Controlled Group, including Dubuque Storage, are jointly and severally liable to the Pension Fund for the Withdrawal Liability."**

In response to Paragraph 53 of the First Amended Complaint, Defendants deny that Dubuque Storage has been in the same controlled group with H & W at any time after January 2001 and deny that Dubuque Storage is in any way liable for whatever withdrawal liability may be owed by H & W.

**WHEREFORE**, Defendants request that the Court order:

1.      Dismissal of Count I of the Complaint,

2.      Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they have incurred in their defense of this action, and

3.      Such other and further relief as the Court may deem necessary or appropriate.

## RESPONSE TO COUNT II OF THE FIRST AMENDED COMPLAINT

**54.    First Amended Complaint – "This count is plead in the alternative to Count I."**

In response to Paragraph 54 of the First Amended Complaint, Defendants submit that the

Paragraph does not allege a fact, so no answering response is necessary.

**55.    First Amended Complaint – "Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1-40 and 43-46 of this First Amended Complaint as though fully set forth herein."**

In response to Paragraph 55 of the First Amended Complaint, Defendants hereby

incorporate by reference their responses to Paragraph 1 through 40 and 43 through 46 of the First

Amended Complaint and request that they be treated as if set forth fully herein.

**56.    First Amended Complaint – "On or about March 31, 2008, the H & W Controlled Group, through Dubuque Storage, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1).    The notice demanded immediate full payment of the Withdrawal Liability pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Pension Plan.    The amount demanded was $9,548,276.37, the balance owed at that time on the Withdrawal Liability."**

In response to Paragraph 56 of the First Amended Complaint, Defendants deny the

allegations contained therein.

**57.    First Amended Complaint – "Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration."**

In response to Paragraph 57 of the First Amended Complaint, Defendants deny the

allegations contained therein.

**58.    First Amended Complaint – "The H & W Controlled Group failed to make the interim withdrawal liability payment to the Pension Fund."**

In response to Paragraph 58 of the First Amended Complaint, Defendants deny that

Dubuque Storage was part of any controlled group with H & W at any time after January 2001;

further answering, Defendants admit that they have not made any interim withdrawal liability

payments but aver that they have not made these payments because they have no liability to do so and because the requirement that an employer make such payments is deferred pursuant to ERISA § 4221(g) as amended by § 204(d)(1) of the Pension Protection Act of 2006.

**59.    First Amended Complaint – "Each of the members of the H & W Controlled Group, including Dubuque Storage, are jointly and severally liable to the Pension Fund for the interim withdrawal liability payment."**

In response to Paragraph 59 of the Amended Complaint, Defendants deny that Dubuque Storage was part of any controlled group with H & W at any time after January 2001; further answering, Defendants admit that they have not made any interim withdrawal liability payments but aver that they have not made these payments because they have no liability to do so and because the requirement that an employer make such payments is deferred pursuant to ERISA § 4221(g) as amended by § 204(d)(1) of the Pension Protection Act of 2006. Further answering, Defendants admit that H & W was liable for those payments, subject to the results of its petition in bankruptcy.

**WHEREFORE**, Defendants request that the Court order:

1.    Dismissal of Count II of the Complaint,

2.    Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they have incurred in their defense of this action, and

3.    Such other and further relief as the Court may deem necessary or appropriate.

## RESPONSE TO COUNT III OF THE FIRST AMENDED COMPLAINT

**60.    First Amended Complaint – "Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this First Amended Complaint as though fully set forth herein."**

In response to Paragraph 60 of the First Amended Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 40 of the First Amended Complaint and request that they be treated as if set forth fully herein.

**61.    First Amended Complaint – "Count III is brought against the Dubuque Storage Shareholders."**

In response to Paragraph 61 of the First Amended Complaint, Defendants submit that it contains no allegation of fact to which they are required to make an Answer.

**62.    First Amended Complaint – "Section 4212(c) of ERISA, 29 U.S.C. § 1392(c), prohibits a transaction if a principal purpose of such transaction is to evade or avoid withdrawal liability."**

In response to Paragraph 62 of the First Amended Complaint, Defendants submit that this is a statement of law and not an allegation of fact, so they are not required to make an Answer to it.

**63.    First Amended Complaint – "Upon information and belief, a principal purpose of the Conveyances to the Dubuque Storage Shareholders was to evade or avoid the payment of the Withdrawal Liability to the Pension Fund."**

In response to Paragraph 63 of the First Amended Complaint, Defendants deny the allegations contained therein.

**64.    First Amended Complaint – "Under section 4212(c) of ERISA, 29 U.S.C. § 1392(c), the Conveyances may be voided and the Dubuque Storage Shareholders may be held liable to the Pension Fund for the amounts of the Conveyances."**

In response to Paragraph 64 of the First Amended Complaint, Defendants submit that it is a statement of law and not an allegation of fact, so they are not required to make an Answer to it. Further answering, and without conceding their defense and objection to said Paragraph 64, Defendants deny the allegations contained therein.

**WHEREFORE**, Defendants request that the Court order:

1.    Dismissal of Count III of the Complaint,

2.      Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they

have incurred in their defense of this action, and

3.      Such other and further relief as the Court may deem necessary or appropriate.

## RESPONSE TO COUNT IV OF THE FIRST AMENDED COMPLAINT

65.      First Amended Complaint – **"Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this First Amended Complaint as though fully set forth herein.**

In response to Paragraph 65 of the First Amended Complaint, Defendants hereby

incorporate by reference their responses to Paragraphs 1 through 40 of the First Amended

Complaint and request that they be treated as if set forth fully herein.

66.      First Amended Complaint – **"Count IV is brought against the Dubuque Storage Shareholders."**

In response to Paragraph 66 of the First Amended Complaint, Defendants submit that it

contains no allegation of fact to which they are required to make an Answer.

67.      First Amended Complaint – **"The Conveyances were made with the intent to hinder, delay or defraud creditors of Dubuque Storage or alternatively were made without Dubuque Storage receiving a reasonably equivalent value in exchange for the transfers."**

In response to Paragraph 67 of the First Amended Complaint, Defendants deny the

allegations contained therein.

68.      First Amended Complaint – **"The Dubuque Storage Shareholders were insiders of Dubuque Storage at the time they received the Conveyances."**

In response to Paragraph 68 of the First Amended Complaint, Defendants deny the

allegations contained therein.

69.      First Amended Complaint – **"At the time of or as a result of the Conveyances to the Dubuque Storage Shareholders, Dubuque Storage was left insolvent and lacked sufficient assets to pays its creditors, one of which is the Pension Fund."**

In response to Paragraph 69 of the First Amended Complaint, Defendants deny the allegations contained therein.

**70.    First Amended Complaint – "The Conveyances constitute fraud on Dubuque Storage's creditors."**

In response to Paragraph 70 of the First Amended Complaint, Defendants deny the allegations contained therein.

**71.    First Amended Complaint – "To the extent, as alleged above, the Dubuque Storage Shareholders received a transfer of Dubuque Storage's assets (i.e., the Conveyances) in preference to the Withdrawal Liability owed by Dubuque Storage to the Pension Fund, the Dubuque Storage Shareholders became liable for all amounts owed by Dubuque Storage to the Pension Fund, and the Dubuque Storage Shareholders became an employer subject to withdrawal liability, or the alter ego of such an employer."**

In response to Paragraph 71 of the First Amended Complaint, Defendants deny the allegations contained therein.

**72.    First Amended Complaint – "Sections 502(a)(3)(B) and 4301(a) of ERISA, 29 U.S.C. § 1132(a)(3)(B) and § 1451(a), authorize this Court to impose a constructive trust on the assets of Dubuque Storage distributed to the Dubuque Storage Shareholders for the benefit of Plaintiffs."**

In response to Paragraph 72 of the First Amended Complaint, Defendants deny the allegations contained therein.

**WHEREFORE**, Defendants request that the Court order:

1.    Dismissal of Count IV of the Complaint,

2.    Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they

have incurred in their defense of this action, and

3.    Such other and further relief as the Court may deem necessary or appropriate.

## RESPONSE TO COUNT V OF THE FIRST AMENDED COMPLAINT

**73.    First Amended Complaint – "Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this First Amended Complaint as though fully set forth herein."**

In response to Paragraph 73 of the First Amended Complaint, Defendants hereby

incorporate by reference their responses to Paragraphs 1 through 40 of the First Amended

Complaint and request that they be treated as if set forth fully herein.

**74.    First Amended Complaint – "Count V is brought against the Dubuque Storage Shareholders."**

In response to Paragraph 74 of the First Amended Complaint, Defendants submit that it

contains no allegation of fact to which they are required to make an Answer.

**75.    First Amended Complaint – "The Conveyances were made with the intent to hinder, delay or defraud creditors of Dubuque Storage or alternatively were made without Dubuque Storage receiving reasonably equivalent value in exchange for the Conveyances."**

In response to Paragraph 75 of the First Amended Complaint, Defendants deny the

allegations contained therein.

**76.    First Amended Complaint – "The Dubuque Storage Shareholders were insiders of Dubuque Storage at the time they received the Conveyances."**

In response to Paragraph 76 of the First Amended Complaint, Defendants deny the

allegations contained therein.

**77.    First Amended Complaint – "At the time of or as a result of the Conveyances to the Dubuque Storage Shareholders, Dubuque Storage was left insolvent and lacked sufficient assets to pay its creditors, one of which is the Pension Fund."**

In response to Paragraph 77 of the First Amended Complaint, Defendants deny the

allegations contained therein.

**78.    First Amended Complaint – "The Conveyances were fraudulent transfers as to the Pension Fund who was a creditor of Dubuque Storage either before or after the transfers were made."**

In response to Paragraph 78 of the First Amended Complaint, Defendants deny the allegations contained therein.

**79.    First Amended Complaint – "To the extent, as alleged above, the Dubuque Storage Shareholders received a transfer of Dubuque Storage's assets in preference to the Withdrawal Liability owed by Dubuque Storage to the Pension Fund, the Dubuque Storage Shareholders became liable for all amounts owed by Dubuque Storage to the Pension Fund."**

In response to Paragraph 79 of the First Amended Complaint, Defendants deny the allegations contained therein.

**WHEREFORE**, Defendants request that the Court order:

1.    Dismissal of Count V of the Complaint,

2.    Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they have incurred in their defense of this action, and

3.    Such other and further relief as the Court may deem necessary or appropriate.

## RESPONSE TO COUNT VI OF THE FIRST AMENDED COMPLAINT

**80.    First Amended Complaint – "Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 40 of this First Amended Complaint as though fully set forth herein."**

In response to Paragraph 80 of the First Amended Complaint, Defendants hereby incorporate by reference their responses to Paragraphs 1 through 40 of the First Amended Complaint and request that they be treated as if set forth fully herein.

**81.    First Amended Complaint – "Count VI is brought against the Dubuque Storage Shareholders."**

In response to Paragraph 81 of the First Amended Complaint, Defendants submit that it contains no allegation of fact to which they are required to make an Answer.

**82.    First Amended Complaint – "The Conveyances were made without Dubuque Storage receiving reasonably equivalent value in exchange for the Conveyances."**

In response to Paragraph 82 of the First Amended Complaint, Defendants deny the allegations contained therein.

**83.     First Amended Complaint – "As a result of the Conveyances to the Dubuque Storage Shareholders, Dubuque Storage was left insolvent and lacked sufficient assets to pay its creditors, one of which is the Pension Fund."**

In response to Paragraph 83 of the First Amended Complaint, Defendants deny the allegations contained therein.

**84.     First Amended Complaint – "The Conveyances constitute improper shareholder distributions in that the Dubuque Storage Shareholders preferred themselves in favor of outside creditors, such as the Pension Fund."**

In response to Paragraph 84 of the First Amended Complaint, Defendants deny the allegations contained therein.

**85.     First Amended Complaint – "To the extent the Dubuque Storage Shareholders received transfers of assets/monies from Dubuque Storage which resulted in Dubuque Storage not being able to pay the Withdrawal Liability to the Pension Fund, the Dubuque Storage Shareholders became liable to the Pension Fund for the amount of the Conveyances."**

In response to Paragraph 85 of the First Amended Complaint, Defendants deny the allegations contained therein.

**WHEREFORE**, Defendants request that the Court order:

1.     Dismissal of Count VI of the Complaint,

2.     Payment by Plaintiffs to Defendants of the reasonable attorney fees and costs they have incurred in their defense of this action, and

3.     Such other and further relief as the Court may deem necessary or appropriate.

## AFFIRMATIVE DEFENSES

1.     As and for their First Affirmative Defense, Defendants allege Plaintiffs have failed to state a cause of action for which relief can be granted against Defendants.

2.     As and for their Second Affirmative Defense, Defendants allege that they have filed a Request for Review of Plaintiffs Fund's March 28, 2008 Notice and Demand for Payment of its withdrawal liability assessment, that ERISA Section 4221(g), as amended by Section 204(d)(1) of the Pension Protection Act of 2006, authorizes (and Defendants have requested) deferral of interim payments of such assessment while the review procedures are in progress, and that Plaintiffs, therefore, are not entitled to any order for payment at this time.

3.     As and for their Third Affirmative Defense, Defendants allege that the claim is barred by laches because Plaintiffs waited from July 2002 until June, 2008 to make any notice or demand upon the Defendants for payment of a withdrawal liability assessment.

        **WHEREFORE**, Defendants reiterate their request that the Court order:

    1.     Dismissal of the Complaint, with prejudice and in its entirety,

    2.     Reimbursement of the reasonable attorney fees and costs they have incurred in their defense of this action, and

    3.     Such other and further relief as the Court may deem necessary or appropriate.

Respectfully submitted this 7th day of July, 2008.

                        LINDNER & MARSACK, S.C.,

                    By:  s/ Alan M. Levy_____
                        Alan M. Levy (IL Reg. No. 6184145;
                        Wis. SBN:  1010285)
                        Gary A. Marsack (Wis. SBN:  1012114)
                        Donald J. Cairns (Wis. SBN:  1013216)

P.O. Address:
411 East Wisconsin Avenue, #1800
Milwaukee, Wisconsin 53202
(414) 273-3910/(414) 273-0522 (fax)
alevy@lindner-marsack.com

PETER ANDJELKOVICH & ASSOCIATES

By:  s/ Peter Andjelkovich
     Peter Andjelkovich (IL Reg. No. 3125947

Peter Andjelkovich & Associates
39 South LaSalle Street, Suite 200
Chicago, IL 60603
(312) 782-8345/(312) 782-6517 (fax)
pa@paalaw.net

Attorneys for Defendants